QUESTION:
Who is responsible for the cost of medical expenses incurred by a person arrested when a municipal police officer is required to resort to physical force as a defensive measure in making an arrest and the person arrested is injured?
SUMMARY:
A nonindigent prisoner who is injured while being legally arrested by a municipal police officer and who is charged with a violation of a municipal ordinance and who is to be, or is being, detained in a municipal detention facility must bear the medical costs which result from his injury.
For the purposes of this opinion and pursuant to our telephone conversation on March 5, 1974, I will assume that the person arrested is a nonindigent. It will be further assumed that the person arrested is charged with a violation of a municipal ordinance and is to be detained or is being detained in a municipal detention facility.
It has been held by one of my predecessors in office in AGO 059-148 that a city would be required to furnish and pay for hospitalization and medical care for an indigent prisoner who is serving a sentence imposed by the municipal court of that city but that prisoners who are able to provide necessary medical care for themselves from their private resources should do so if the need for such care does not flow from any negligent act on the part of the city which would subject the city to a tort action.
In a prior opinion from my office I was asked to answer the following question:
"Is the sheriff's office liable for medical and surgical expenses incurred by prisoners and others while in the custody of the sheriff's office, when such medical expenses have resulted from the activities of other law enforcement agencies?" (Attorney General Opinion 072-346.)
It was my opinion in AGO 072-346 that under s. 951.23, F.S., and Rule 10B-8.08 of the Department of Health and Rehabilitative Services, a sheriff has a duty to provide medical care for a prisoner in his custody for violating a state law even though the arrest was made by, and the medical expenses resulted from the activities of, state or municipal officers. Given this duty, it was also held in AGO 072-346 that funds for paying the necessary medical expenses of prisoners in the sheriff's custody may be budgeted as a legal expense of the sheriff's office.
As applicable to your inquiry, I find that s. 951.23, F.S., contains the following definitions and provisions:
"(1) DEFINITIONS. — * * * * * (c) The term "municipal detention facility" means a city jail, a city stockade, a city prison camp and any other place except a county detention facility used by a municipality or municipal officer for the detention of persons charged with or convicted of violation of municipal laws or ordinances. (d) The term "municipal prisoner" means a person who is detained in a municipal detention facility by reason of being charged with or convicted of violation of municipal law or ordinance. (2) RULES PRESCRIBING STANDARDS AND REQUIREMENT. — The secretary of health and rehabilitative services is authorized and directed to adopt rules and regulations prescribing standards and requirements with reference to: * * * * * (b) The cleanliness and sanitation of county and municipal detention facilities; the number of county and municipal prisoners who may be housed therein per specified unit of floor space; the quality, quantity, and supply of bedding furnished to such prisoners; the quality, quantity, and diversity of food served to them and the manner in which it is served; the furnishing to them of medical attention and health and comfort items; and the disciplinary treatment which may be meted out to them."
Pursuant to s. 951.23(2)(b), F.S., the Department of Health and Rehabilitative Services has promulgated the following rules which are pertinent herein:
"10B-8.01 Definitions. For the purpose of this chapter: (5) "Detention Facility" means a municipal or county jail, stockade, prison camp and every other place used by a municipality or a county for the detention of prisioners (sic) charged with or convicted of either a felony, misdemeanor or a municipal offense. (6) "Inmate" means a prisoner who is detained in a detention facility by reason of being charged with or convicted of a felony, misdemeanor, or a municipal offense. (7) "Officer-in-charge" means the sheriff, if the detention facility is under his supervision, or the warden, captain, or superintendent having the supervision of any other detention facility. 10B-8.08 Medical Attention. (1) The officer-in-charge or his designated representative shall assure that each inmate is observed daily, and a physician shall be immediately called if there are indications of serious injury, wound, or illness. The instructions of the physician shall be strictly carried out. Ill inmates shall be furnished such food as is prescribed by the attending physician. (2) Whenever practicable, the officer-in-charge of a detention facility shall obtain a satisfactory arrangement with the nearest available hospital for the admission and treatment of inmates on both a routine and an emergency basis. Whenever practicable, similar arrangements shall also be made with a physician. (3) Security of all drugs and medical supplies shall be maintained at all times. Medicines prescribed by a physician for an inmate shall be administered by him or in accordance with his directions. (4) Standard first aid supplies shall be available on the premises at all times. (5) All inmates who require attention by a physician shall not be worked until approval is given by the attending physician or by some member of the medical staff of the facility, if such staff is available."
Construing AGO 072-346 with the above-quoted statutory and rule provisions, it is my opinion that a municipality has a duty to provide medical care for a prisoner charged with a violation of a municipal ordinance and who is being detained in a municipal detention facility. However, this duty does not extend to a nonindigent prisoner who is injured while being legally arrested by a municipal police officer. I find nothing in the applicable statutes or rules which would cause me to recede from my predecessor's opinion in AGO 059-148, and I must conclude that a nonindigent prisoner who is injured while being legally arrested by a municipal police officer, is charged with a violation of a municipal ordinance, and is to be or is being detained in a municipal detention facility must bear the medical costs which result from his injury.